E-FILED on  7/16/12

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| JACQUELINE CARLIN MELCHER,<br><br>    Appellant,<br><br>v.<br><br>JOHN W. RICHARDSON, Trustee in Bankruptcy,<br><br>    Appellee. | No. 12-cv-00336 RMW<br><br>ORDER DISMISSING APPEAL FOR FAILURE TO PROSECUTE; DENYING MOTION TO STAY PROCEEDINGS |

     Jacqueline C. Melcher commenced the above appeal on January 12, 2012. The record on appeal has not been transmitted by the Bankruptcy Court to the District Court, apparently because Ms. Melcher has not provided the clerk with an adequate designation of the record. *See* Declaration of Charles P. Maher Regarding Status of Appeal, Dkt. No. 8. Ms. Melcher has also failed to file an opening brief. On May 24, 2012, the court issued an order to show cause requiring Ms. Melcher to file a brief by June 3, 2012 explaining why her appeal should not be dismissed for failure to prosecute.

     On June 1, 2012, Ms. Melcher filed a brief entitled "Motion for Stay of Proceedings Pending Outcome of Court Ordered Mediation." Dkt. No. 12. She indicated that the Bankruptcy Court had "ordered mediation with efforts to resolve all appeals and other litigation" to be concluded in May or

June 2012, and requested a stay of her appeal pending that resolution of that process. *Id.* She attached an order of the Bankruptcy Court dated March 13, 2012, which included a handwritten note from Judge Weissbrodt indicating that "the trustee and debtor are strongly encouraged to work to see if a solution/settlement can be reached." *Id.*

On June 4, 2012, Ms. Melcher filed a response to the order to show cause, referencing her June 1, 2012 brief and attaching a May 17, 2012 order from the Bankruptcy Court staying the effect of two earlier orders allowing the Trustee to market Ms. Melcher's residence pending the outcome of this appeal. *See* Dkt. No. 14, Ex. C. The May 17, 2012 order found that "a stay pending appeal is appropriate at least until the parties have concluded their efforts to mediate their disputes privately. Both the Trustee and Debtor have consented to mediation and to allow the Trustee to market the property during mediation is antithetical to that consensual process." *Id.* at 4.

As of the date of this order, it appears that no mediation has taken place, although each party blames the other for the delay. Thus, the bankruptcy proceedings have been stayed pending resolution of this appeal, and Ms. Melcher now seeks to stay this appeal pending resolution of a mediation that has not yet been scheduled.

This court finds that Ms. Melcher has not shown good cause for either staying or sustaining this appeal. Simply put, the fact that a settlement is on the horizon does not excuse Ms. Melcher from perfecting a record or filing an opening brief for more than six months, particularly given her familiarity with the appeals process. Furthermore, regardless of any action taken by this court, if the Bankruptcy Court determines that the Trustee has delayed mediation in bad faith, it may uphold the stay of its previous orders if it determines that it is appropriate to do so. *See Leyva v. Certified Grocers of California, Ltd.*, 593 F.2d 857, 863-864 (9th Cir. 1979) ("A trial court may, with propriety, find it is efficient for its own docket and the fairest course for the parties to enter a stay of an action before it, pending resolution of independent proceedings which bear upon the case. This rule applies whether the separate proceedings are judicial, administrative, or arbitral in character, and does not require that the issues in such proceedings are necessarily controlling of the action before the court."). Indeed, as the Bankruptcy Court is more familiar with the instant proceedings

ORDER DISMISSING APPEAL FOR FAILURE TO PROSECUTE; DENYING MOTION TO STAY PROCEEDINGS  —No. 12-cv-00336 RMW
EDM                                                                       2

than this court, it is in a far better position to decide whether a further stay is warranted. Accordingly, the court denies the motion to stay, and dismisses this appeal for failure to prosecute.

It is so ordered.

DATED: July 16, 2012

RONALD M. WHYTE
United States District Judge